UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANIELLE MOORE,

                                  Plaintiff,      **COMPLAINT**

        -against-

NEW YORK STATE DIVISION OF PAROLE, PATRICK     **JURY TRIAL DEMANDED**
HOY, S.P.O. JOHN BARNETT, and JOHN and JANE
DOE #1-10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                  Defendants.

------------------------------------------------------------------X

      Plaintiff DANIELLE MOORE, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiff brings this action to remedy discrimination on the basis of race and sex in the terms, conditions and privileges of employment, and retaliation for opposition to unlawful employment actions, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Title VII"); 42 U.S.C. §1981; the New York State Human Rights Law, New York Executive Law § 296 *et seq.* (the "Human Rights Law"); and the Administrative Code of the City of New York § 8-107 *et seq.* (the "Administrative Code").

      2.    In a continuous course of conduct that began in or about January 2003 and continued through January 2005, defendants subjected plaintiff to a hostile work environment based upon her race and sex, and in retaliation for plaintiff's actions in opposition to unlawful employment practices.

3. Plaintiff seeks compensatory and punitive damages and other appropriate legal and equitable relief.

## JURISDICTION

4. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 10, 2005, complaining of the acts of discrimination and retaliation alleged herein.

5. On or about January 31, 2006, the EEOC issued a notice informing plaintiff of her right to sue defendants in federal court. This action has been commenced within 90 days of receipt of this notice. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

6. Jurisdiction of this Court over the discrimination and retaliation claims is proper under 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981, and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the claims brought under the Human Rights Law and the Administrative Code pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the in which the claim arose and the unlawful practices occurred.

## JURY DEMAND

8. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9. Plaintiff DANIELLE MOORE is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

10. Plaintiff DANIELLE MOORE was, at all relevant times, a parole officer employed by defendant NEW YORK STATE DIVISION OF PAROLE.

11. Defendant NEW YORK STATE DIVISION OF PAROLE was and is a state agency duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant NEW YORK STATE DIVISION OF PAROLE is an employer within the meaning of Title VII, the Human Rights Law, and the Administrative Code.

13. That at all times hereinafter mentioned, the individually named defendants PATRICK HOY, S.P.O. JOHN BARNETT, and JOHN and JANE DOE #1-10 were employees of said department and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant NEW YORK STATE DIVISION OF PAROLE.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant NEW YORK STATE DIVISION OF PAROLE.

## FACTUAL ALLEGATIONS

17. Plaintiff DANIELLE MOORE began working as a parole officer for defendant NEW YORK STATE DIVISION OF PAROLE in or about 1987.

18. Plaintiff DANIELLE MOORE is and was highly qualified for this position and has always been an exemplary employee.

19. In or about January 2003, defendant PATRICK HOY became the Bureau Chief of the Queens 3 Area Office, the unit to which plaintiff DANIELLE MOORE was assigned.

20. Between January 2003 and January 2005, defendant PATRICK HOY subjected plaintiff DANIELLE MOORE and other African-American female parole officers to a hostile work environment based upon their race and sex.

21. Defendant PATRICK HOY's discriminatory actions included, *inter alia*, excessive monitoring of plaintiff's work and the imposition of unwarranted discipline.

22. Defendant PATRICK HOY did not subject comparably situated white male parole officers to similar monitoring or discipline.

23. In or about April 2003, defendant PATRICK HOY assigned defendant S.P.O. JOHN BARNETT to be plaintiff's supervisor.

24. Between April 2003 and January 2005, defendant S.P.O. JOHN BARNETT subjected plaintiff DANIELLE MOORE and other African-American female parole officers to a hostile work environment based upon their race and sex.

25. Defendant S.P.O. JOHN BARNETT's discriminatory actions included, *inter alia*, excessive monitoring of plaintiff's work and the imposition of unwarranted discipline.

26. Defendant S.P.O. JOHN BARNETT did not subject comparably situated white male parole officers to similar monitoring or discipline.

27. During the relevant period, plaintiff DANIELLE MOORE filed numerous grievances concerning the discrimination that she was experiencing.

28. In reaction to and as a result of these grievances, defendants PATRICK HOY and S.P.O. JOHN BARNETT intensified the discriminatory monitoring and disciplining of plaintiff DANIELLE MOORE.

29. In March 2004, plaintiff was arrested on criminal charges that were blatantly false.

30. Defendant NEW YORK STATE DIVISION OF PAROLE had discretion as to whether to suspend plaintiff because of the pending criminal charges.

31. Continuing the pattern of discrimination against plaintiff and in retaliation for the grievances that she had filed, defendant NEW YORK STATE DIVISION OF PAROLE suspended plaintiff without pay on March 15, 2004.

32. Continuing the pattern of discrimination against plaintiff and in retaliation for the grievances that she had filed, defendant NEW YORK STATE DIVISION OF PAROLE terminated plaintiff in April 2004.

33. In compliance with an arbitrator's decision, defendant NEW YORK STATE DIVISION OF PAROLE reinstated plaintiff on December 9, 2004, but did not give plaintiff any back pay.

34. When plaintiff resumed work at the Queens 3 Area Office, the pattern of discrimination and retaliation against plaintiff DANIELLE MOORE continued.

35. Unable to tolerate the hostile work environment at the Queens 3 Area Office, plaintiff DANIELLE MOORE transferred to a unit in Brooklyn on January 20, 2005.

36. Upon information and belief, defendants PATRICK HOY and S.P.O. JOHN BARNETT were personally involved in all of the aforementioned adverse actions.

37. As a result of defendants' unlawful actions, plaintiff DANIELLE MOORE suffered economic losses, mental anguish, emotional distress, damage to reputation, and other compensable injuries.

### FIRST CAUSE OF ACTION
### TITLE VII

38. Plaintiff DANIELLE MOORE repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. By all of the aforementioned acts and practices, defendants have discriminated against plaintiff DANIELLE MOORE in the terms and conditions of her employment on the basis of her race and sex, and have retaliated against plaintiff for her opposition to unlawful employment practices, all in violation of Title VII.

40. Defendants knew that their actions constituted unlawful discrimination and retaliation and/or acted with malice and/or showed reckless disregard for plaintiff DANIELLE MOORE's statutorily-protected rights.

41. As a result of defendants' unlawful actions, plaintiff DANIELLE MOORE has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

### SECOND CAUSE OF ACTION
### HUMAN RIGHTS LAW

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. By all of the aforementioned acts and practices, defendants have discriminated against plaintiff DANIELLE MOORE in the terms and conditions of her employment on the basis of her race

and sex, and have retaliated against plaintiff for her opposition to unlawful employment practices, all in violation of the Human Rights Law.

44. As a result of defendants' unlawful actions, plaintiff DANIELLE MOORE has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

### THIRD CAUSE OF ACTION
### ADMINISTRATIVE CODE

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. By all of the aforementioned acts and practices, defendants have discriminated against plaintiff DANIELLE MOORE in the terms and conditions of her employment on the basis of her race and sex, and have retaliated against plaintiff for her opposition to unlawful employment practices, all in violation of the Administrative Code.

47. In taking the above-referenced actions, defendants acted knowingly and/or with malice and/or reckless indifference to plaintiff DANIELLE MOORE's statutorily-protected rights.

48. As a result of defendants' unlawful actions, plaintiff DANIELLE MOORE has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1981

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50. All of the aforementioned acts of defendants, their agents, servants and employees, violated 42 U.S.C. § 1981 by depriving plaintiff DANIELLE MOORE of her constitutional and statutory rights with racial animus.

51. Defendants' conduct was knowingly undertaken with the intent to deny plaintiff DANIELLE MOORE her right to full and equal benefit of the laws as is enjoyed by white citizens.

52. As a result of defendants' unlawful actions, plaintiff DANIELLE MOORE has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

**WHEREFORE**, plaintiff DANIELLE MOORE respectfully requests that this Court enter a judgment:

a. declaring the acts and practices complained of herein to be violations of Title VII, the Human Rights Law and the Administrative Code;

b. enjoining and permanently restraining these violations of Title VII, the Human Rights Law and the Administrative Code;

c. directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

d. directing defendants to place plaintiff in the position she would be in but for defendants' discriminatory and retaliatory actions, and to make her whole for all earnings she would have received but for defendants' discriminatory and retaliatory actions, including, but not limited to, wages, bonuses, pension, and other lost benefits, and interest thereon;

e. directing defendants to pay plaintiff compensatory damages and damages for her mental anguish, emotional distress, pain and suffering, humiliation, and damage to reputation;

  f. directing defendants to pay plaintiff an additional amount as punitive damages, pursuant to Title VII, the Administrative Code and 42 U.S.C. § 1981, for their intentional disregard of, and/or reckless indifference to, plaintiff's rights;

  g. awarding plaintiff the costs of this action together with reasonable attorneys' fees and interest; and

  h. awarding such other and further relief as the Court deems necessary and proper.

Dated: New York, New York  
    April 27, 2006

                    _Rose M. Weber_  
                    ROSE M. WEBER (RW 0515)  
                    225 Broadway, Suite 1608  
                    New York, NY 10007  
                    (212) 748-3355